UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
QUEENS BOROUGH PUBLIC LIBRARY,

                              Plaintiff,

- against -

DYNIX CORPORATION, SIRSI HOLDINGS CORP.
and SIRSI CORPORATION,

                             Defendants.
-------------------------------------------------------------------X

09-CV-2860 (ILG) (RER)

**DEFENDANTS SIRSI CORPORATION'S AND DYNIX CORPORATION'S MOTION TO DISMISS THE SECOND, THIRD, FIFTH, EIGHTH, AND NINTH CAUSES OF ACTION AND CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 4

    A.    The Parties .................................................................................................. 4

    B.    The Agreement ........................................................................................... 4

    C.    Plaintiff's Notice Of Material Breach ........................................................ 5

ARGUMENT ....................................................................................................................... 5

I.    THE APPLICABLE LEGAL STANDARD ................................................................ 6

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ................. 7

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ................................................ 9

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW § 349 ........................................................................ 9

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT CONVEYANCE .... 10

VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTIES ................................................................................................ 12

VII.    PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES .................... 13

VIII.    PLAINTIFF FAILS TO STATE A CLAIM FOR ATTORNEYS' FEES ....................... 14

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ashcroft v. Iqbal,
    556 U.S. ___, 129 S.Ct. 1937 (2009)..................................................................6, 7, 8

ATSI Communs., Inc. v. Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007)........................................................................................ 6

Bangkok Crafts Corp. v. Capitolo Di San Pietro In Vaticano,
    331 F. Supp.2d 247 (S.D.N.Y. 2004) ..................................................................... 10

Cargo Partner AG v. Albatrans Inc.,
    207 F. Supp.2d 86 (S.D.N.Y. 2002) ..................................................................11, 12

Catskill Associates, L.L.C. v. Benza,
    No. 1:08-CV-598, 2009 WL 1294608 (N.D.N.Y. May 7, 2009) ........................... 14

City of New York v. Smokes-Spirits.com, Inc.,
    541 F.3d 425 (2d Cir. 2008)..................................................................................... 10

Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.,
    70 N.Y.2d 382, 521 N.Y.S.2d 653 .......................................................................... 7

Clifton v. Vista Computer Sevs., LLC,
    No. 01 CIV. 10206, 2002 WL 1585550 (S.D.N.Y. July 16, 2002)...................... 15

DLJ Mortgage Capital, Inc. v. Kontogiannis,
    594 F. Supp.2d 308 (E.D.N.Y. 2009) .................................................................... 11

Hooper Assocs., LTD v. AGS Computers, Inc.,
    74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989) .......................................................14, 15

IMR Assocs., Inc. v. C.E. Cabinets, LTD,
    No. 06-CV-5965, 2007 WL 1395547 (E.D.N.Y. May 11, 2007)............................ 9

Kleinberg v. Radian Group, Inc.,
    No. 01 Civ. 9295, 2003 WL 22723014 (S.D.N.Y. Nov. 18, 2003)...................... 15

MT Property, Inc. v. Ira Weinstein and Larry Weinstein LLC,
    50 A.D.3d 751, 855 N.Y.S.2d 627 (2d Dept. 2008) ............................................... 7

New York University v. Continental Ins. Co.,
    87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) ............................................................. 13

Sharp Intern. Corp. v. State Street Bank and Trust Co.,
    403 F.3d 43 (2d Cir. 2005)....................................................................................... 11

Udell v. Berkshire Life Ins. Co. of Am.,
 No. CV 032721, 2005 WL 1243497 (E.D.N.Y. May 25, 2005) .............................................. 9

Yung v. Lee,
 432 F.3d 142 (2d Cir. 2005) ...................................................................................................... 6

**STATUTES**

N.Y. Debtor and Creditor Law ("DCL") § 276 ....................................................................10, 11

New York State General Business Law § 349 .................................................................passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ...................................................................................2, 11

Federal Rule of Civil Procedure 12(b)(6) ............................................................................passim

Rule 7.1 ........................................................................................................................................ 4

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Sirsi Corporation ("Sirsi") and Dynix Corporation ("Dynix") respectfully submit this memorandum of law in support of their motion to dismiss certain causes of action of the complaint filed by plaintiff Queens Borough Public Library ("Library").  The causes of action which are the subject of the instant motion are the Second (Unjust Enrichment), Third (Breach of the Implied Covenant of Good Faith and Fair Dealing), Fifth (Violation of New York State General Business Law § 349), Eighth (Fraudulent Conveyance), and Ninth (that portion of the cause of action for Breach of Implied Warranties).  Sirsi and Dynix (collectively "SirsiDynix") also move to dismiss plaintiff's claims for punitive damages and attorneys' fees.

## PRELIMINARY STATEMENT

The instant action arises out of nothing more than a garden-variety contract dispute between two sophisticated business entities.  The Purchase and License Agreement at issue ("Agreement") contains a clear, conspicuous, unambiguous, and enforceable mutual waiver of punitive, special, incidental, exemplary, or consequential damages.  The Library, apparently regretting its agreement to waive such damages, has responded by overloading its complaint with no less than nine separate causes of action and, astoundingly, numerous pleas for punitive damages even though both parties unambiguously waived any entitlement to such damages in the governing contract.  Although not all of plaintiff's baseless claims are eligible for dismissal at the pleading stage, several of its claims are manifestly improper as a matter of law and should be dismissed to enable the parties to focus their energies on resolving legitimate issues in dispute.

This is an action badly in need of right-sizing at the earliest possible stage of the litigation, in order to avoid wasteful litigation of baseless claims.  To that end, SirsiDynix has moved to dismiss plaintiff's claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, violation of New York General Business Law § 349, fraudulent

conveyance, breach of implied warranties, and its claims for attorneys' fees and punitive damages.

Plaintiff's claim for unjust enrichment should be dismissed for two reasons. First, it is undisputed that defendants were not paid anything by plaintiff under the governing agreement and were therefore not enriched. Plaintiff, in fact, does not contend otherwise. The second basis for dismissal is that plaintiff is not permitted to maintain a claim for unjust enrichment where there is a valid contract which covers the dispute between the parties. Plaintiff admits that a valid, written contract governs this dispute and, therefore, this quasi contract claim can not stand.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim based on the same facts is also pled. Here, plaintiff has pled a breach of contract and its claim for breach of the implied covenant of good faith and fair dealing is based on the same facts as its breach of contract claim. Consequently, this cause of action should be dismissed with prejudice.

Plaintiff's claim for violation of New York State General Business Law section 349 should be dismissed because plaintiff has failed to allege any harm to the public at large – an essential element of a prima facie case under section 349. Indeed, plaintiff could not allege a consumer oriented injury because the transaction at issue was a one-time, arms-length contract made between two sophisticated business entities.

Plaintiff's claim for fraudulent conveyance should be dismissed because plaintiff has failed to plead this cause of action with the specificity required by Federal Rule of Civil Procedure 9(b). In fact, plaintiff's allegations in connection with this cause of action are exclusively made "upon information and belief" and fail to allege any specific facts whatsoever

including the nature and amount of the assets allegedly conveyed, the consideration paid for same, the disposition of the allegedly conveyed assets, the date of the alleged transfer or even any 'badges of fraud' in support of its allegation of fraudulent intent. Since this claim is wholly devoid of any specificity it also must be dismissed.

Plaintiff's claim for breach of implied warranties should be dismissed because the Agreement expressly states that the express warranties in the agreement "are in lieu of" "all other warranties express or implied oral or written." Because the Library has waived any rights it may have had to implied warranties, this claim should be dismissed.

Plaintiff's claim for punitive damages should be dismissed for two reasons. First, plaintiff has waved its entitlement to punitive damages pursuant to the clear, conspicuous, unambiguous, and enforceable mutual waiver of punitive damages. Second, even if it had not waived its entitlement to punitive damages in the Agreement, plaintiff has not alleged that the acts or omissions complained of were part of a pattern of conduct directed at the public generally as required by New York law.

Finally, plaintiff's claim for attorneys' fees should be dismissed because under the so-called American Rule, the prevailing party does not recover its fees from the loser unless authorized by contract, statute, or court rule. In the instant action (i) the Agreement does not authorize plaintiff's claim for fees, (ii) the statute cited by plaintiff in support of its fee demand, New York GBL section 349, is inapplicable to the alleged acts or omissions, and (iii) plaintiff does not cite any court rule as authority for its fee demand.

In short, this dispute is nothing more than a well-intentioned business venture which ultimately failed to meet the expectations of both parties. Plaintiff's attempt to transform this

conventional contract dispute into an elaborate fraudulent conspiracy must be rejected and plaintiff's legally insufficient claims and damages must be dismissed.

## FACTUAL BACKGROUND

### A. The Parties

Plaintiff is a New York not for profit corporation with its principal offices located at 89-11 Merrick Boulevard, Jamaica, New York. Complaint ¶ 13. Dynix is a Utah corporation and a wholly owned subsidiary of Dynix Holding Corporation. Complaint ¶ 14 and Defendants' Amended Rule 7.1 Statement. Sirsi is a Delaware corporation and a wholly owned subsidiary of Dewey Holding Company. Complaint ¶ 16 and Defendants' Amended Rule 7.1 Statement.

### B. The Agreement

On or about May 4, 2005, the Library issued a Request for Proposal ("RFP") for new integrated library system ("ILS") software. Complaint ¶ 34. Both Dynix and Sirsi responded to the RFP, and the Library selected Dynix to be the vendor for its new ILS software which would be known as Horizon 8.1. Id. ¶¶ 41, 57.

After a period of negotiations, Dynix and the Library entered into the Agreement. Id. ¶¶ 71, 74, 79. Pursuant to the Agreement, the Library agreed to purchase the licenses for certain computer programs and certain services from Dynix including implementation, maintenance, and custom development services. Agreement, Recitals.1.

In the Agreement, the Library waived any rights it may have had to implied warranties. Specifically, section 10.D of the Agreement provides, in full:

> **NO ADDITIONAL WARRANTIES THE WARRANTIES SET FORTH IN THIS AGREEMENT ARE IN LIEU OF, AND THIS AGREEMENT EXPRESSLY EXCLUDES TO THE MAXIMUM EXTENT PERMITTED BY LAW, ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, ORAL OR WRITTEN, INCLUDING, WITHOUT LIMITATION, (i) ANY WARRANTY THAT THE LICENSED SOFTWARE IS ERROR-FREE; AND (ii) ANY AND ALL IMPLIED WARRANTIES OF**

**MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT, AND (iii) ANY AND ALL IMPLIED WARRANTIES ARISING FROM STATUTE, COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.**

Agreement § 10.D.

The Library also waived any rights it may have had to damages other than direct damages. This waiver provides, in full:

**UNDER NO CIRCUMSTANCES WILL EITHER PARTY BE LIABLE FOR ANY INDIRECT, PUNITIVE, SPECIAL, INCIDENTAL, EXEMPLARY OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH OR ARISING OUT OF THE AGREEMENT (INCLUDING, WITHOUT LIMITATION, LOSS OF BUSINESS, REVENUE, PROFITS, GOODWILL, OR ELECTRONICALLY TRANSMITTED ORDERS), HOWEVER THEY ARISE, WHETHER IN BREACH OF CONTRACT, BREACH OF WARRANTY, OR IN TORT, INCLUDING NEGLIGENCE, AND EVEN IF SUCH PARTY HAS PREVIOUSLY BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**

**LIABILITY FOR DAMAGES WILL BE LIMITED AND EXCLUDED, PURSUANT TO THE TERMS OF THIS SECTION 18, EVEN IF ANY EXCLUSIVE REMEDY PROVIDED FOR IN THE AGREEMENT FAILS OF ITS ESSENTIAL PURPOSE.**

Id. § 18.C.3.

### C. Plaintiff's Notice Of Material Breach

On or about March 30, 2007, the Library provided Dynix with a Notice of Material Breach. Complaint ¶ 111. Despite the efforts of both parties, the issues giving rise to the Notice of Material breach have not been resolved. Id. ¶ 115. On or about July 2, 2009, the Library filed its complaint in the instant action.

## ARGUMENT

As set forth below, plaintiff's claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, violation of New York State General Business Law § 349, fraudulent conveyance, breach of implied warranties, and for punitive damages and

attorneys' fees fail to state a claim for which relief may be granted.  Accordingly each of these claims should be dismissed.

## I. THE APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  While the Court must accept as true all of the well-pleaded allegations of the complaint, this rule "is inapplicable to legal conclusions."  Id.  Thus, a complaint that merely offers "naked assertion[s]" devoid of "further factual enhancement" is insufficient to survive a motion to dismiss.  Id. (citing Twombly, 550 U.S. at 557).  Likewise "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are similarly insufficient.  Id. at 1949.  The "plausibility standard" "asks for more than the sheer possibility that a defendant has acted unlawfully."  Id. Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2), and should be dismissed.  Id. at 1950.

In deciding a Rule 12(b)(6) motion, the court may consider, in addition to the allegations in the complaint, "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document not incorporated but that is, nevertheless, integral to the complaint because the complaint relies heavily upon its terms and effect."  Yung v. Lee, 432 F.3d 142, 146-47 (2d Cir. 2005) (citations, alterations, and internal quotation marks omitted).  Where a plaintiff's allegations are contradicted by documents on which the complaint is based, the documents are controlling and the contrary allegations should not be given weight.  ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007);

5B Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004) (see text at n.31 and accompanying citations).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's cause of action for unjust enrichment alleges, in the most general terms, that the "Library conferred a benefit to Dynix and Sirsi Holdings by performing its obligations in connection with the development of the Horizon software the Library purchased from Defendant Dynix." Complaint ¶ 132. It also alleges that "Dynix and Sirsi Holdings knew that the Library was performing its obligations in the development of the Horizon software and, as a result, benefitted from the Library's performance." Id. ¶ 134.

Under New York law, "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a benefit upon the defendant . . . ." MT Property, Inc. v. Ira Weinstein and Larry Weinstein LLC, 50 A.D.3d 751, 855 N.Y.S.2d 627 (2d Dept. 2008). Here, plaintiff's conclusory allegation that it conferred a benefit on defendants is insufficient to withstand the instant motion to dismiss. Ashcroft, at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to withstand a motion to dismiss]."). Significantly, plaintiff fails entirely to specify what this "benefit" consisted of and has not even alleged that the Library has paid any money to any of the defendants in connection with work performed under the Agreement.

Equally significant, however, is that New York law does not permit a party to maintain a claim for unjust enrichment where there exists a valid contract which covers the scope of the dispute between the parties. Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co., 70 N.Y.S2d 382, 521, N.Y.S.2d 653 (1987). In Clark-Fitzpatrick, the Court of Appeals upheld the dismissal of plaintiff's cause of action sounding in quasi contract where there was a contract covering the scope of the dispute. The Court explained as follows:

> The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment. . . . It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties.

Id. at 388-89, 521 N.Y.S.2d at 656.

Here, plaintiff concedes that the Agreement is a valid written contract. Complaint ¶ 123 ("The License Agreement constitutes a legal and binding agreement between the Library and Dynix."). Plaintiff also alleges to have fully performed its contractual obligations. Complaint ¶ 96 ("Pursuant to the governing terms of the License Agreement and the Guaranty, the Library was required to and did undertake performance of its obligations at a substantial cost to the Library.") Finally, it is clear that plaintiff's unjust enrichment claim arises out of the scope of the Agreement. Complaint ¶ 132 (alleged benefit arose from Library's "performing its obligations" under the Agreement); ¶ 133 (contemplated benefits from the "Library entering into the License Agreement"); ¶ 134 (alleged benefits arose from Library's "performing its obligations in the development of the Horizon software"). Therefore, based on plaintiff's admission of a valid written agreement between the parties, its quasi contract claim of unjust enrichment is impermissible.

Accordingly, for the reasons set forth above, plaintiff's Second Cause of Action for unjust enrichment should be dismissed with prejudice.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's Third Cause of Action alleges a breach of the Implied Covenant of Good Faith and Fair Dealing. In connection with this Cause of Action, the Library merely alleges it was deprived of the benefit of its bargain under the Agreement. Complaint ¶ 139.

However, "'New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'" Udell v. Berkshire Life Ins. Co. of Am., No. CV 032721, 2005 WL 1243497, at *6 (E.D.N.Y. May 25, 2005) (dismissing claim under FRCP 12(b)(6) for breach of the implied covenant of good faith and fair dealing) (quoting Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002); see also IMR Assocs., Inc. v. C.E. Cabinets, LTD, No. 06-CV-5965, 2007 WL 1395547, at *7 (E.D.N.Y. May 11, 2007) (on a Rule 12(b)(6) motion holding that "Plaintiff's third cause of action for breach of the covenant of good faith and fair dealing is dismissed as duplicative of plaintiff's cause of action for a breach of contract.").

The Library's claim for breach of the implied covenant of good faith and fair dealing is merely duplicative of its cause of action for a breach of contract. It alleges that it was deprived of the benefit of its bargain under the Agreement and nothing more. Complaint ¶ 139. Consequently, plaintiff's Third Cause of Action should be dismissed with prejudice.

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW § 349

Without citing to any specific conduct, plaintiff alleges "Dynix violated New York State General Business Law § 349 and was aided and abetted in such violation by Sirsi Corp. and Sirsi Holdings. Complaint ¶ 158. It is seeking unspecified damages and attorneys' fees.

In New York, "[t]o make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are

misleading in a material way, and (3) the plaintiff has been injured as a result." City of New York v. Smokes-Spirits.com, Inc., 541 F.3d 425, 455 (2d Cir. 2008). "A claimant relying on § 349 must establish that the alleged deceptive act or practice was directed to the consuming public at large." Bangkok Crafts Corp. v. Capitolo Di San Pietro In Vaticano, 331 F. Supp.2d 247, 256 (S.D.N.Y. 2004). Where the complaint alleges only private wrongs arising out of contractual relationships and not to the general public, a section 349 claim can not withstand a motion to dismiss. Id.

Here, because the acts and omissions complained of by plaintiff arose from a highly individualized arms-length contractual relationship and were not directed to consumers at large, a violation of the statute is not pled. The Library's complaint fails to allege any deceptive acts directed to the public generally or any public harm whatsoever. In fact, plaintiff is only alleging that it, and it alone, was harmed from the acts and omissions related to defendants' performance under the Agreement. Because the Library alleges only private wrongs to itself arising out of performance under the Agreement and not consumer-related harm to the general public, its Fifth Cause of Action should be dismissed with prejudice.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT CONVEYANCE

Plaintiff alleges, upon information and belief, that Sirsi Corp. and Sirsi Holdings transferred all or substantially all of Dynix's assets out of Dynix making it unable to perform the Agreement in an effort to hinder delay or defraud the Library. Complaint ¶¶ 185-88. Although not specifically plead as such, plaintiff appears to be relying on N.Y. Debtor and Creditor Law ("DCL") § 276. Section 276 provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Claims brought under section 276 must be pled with the particularity required under Federal Rule of Civil Procedure 9(b). DLJ Mortgage Capital, Inc. v. Kontogiannis, 594 F. Supp.2d 308, 330 (E.D.N.Y. 2009). Rule 9(b) provides, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Moreover, "'allegations of violating DCL § 276 must plead the requisite mental state with particularity.'" Cargo Partner AG v. Albatrans Inc., 207 F. Supp.2d 86, 116 (S.D.N.Y. 2002) (quoting Atlanta Shipping Corp., Inc. v. Chemical Bank, 818 F.2d 240, 251 (1987).

Additionally, a section 276 plaintiff must show intent to defraud on the part of the transferor. Sharp Intern. Corp. v. State Street Bank and Trust Co., 403 F.3d 43, 56 (2d Cir. 2005). A plaintiff may rely on 'badges of fraud to support the actual intent requirement. Such badges of fraud include "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; . . . and retention of control of the property by the transferor after the conveyance" and "the circumstances surrounding the transaction, including the relationship among the parties and the secrecy, haste, or unusualness of the transaction." Id. (omission in the original) (internal quotation marks and citations omitted).

Plaintiff complaint contains no specific allegations whatsoever to support its fraudulent conveyance claim – the allegations are merely made "upon information and belief" and there are no specific allegations of a conveyance of an asset of any kind, much less a fraudulent conveyance. Moreover, the Library has not alleged any specific "badges of fraud" – it has alleged nothing with respect to the adequacy of the consideration for the alleged transfer, the retention of control of the property by the alleged transferor, or any specifics about the alleged transaction whatsoever such as the date, the nature of the assets transferred, or the disposition of

the allegedly transferred assets. Consequently, the Eighth Cause of Action should be dismissed with prejudice. See Cargo Partner, 207 F. Supp.2d at 116 (section 276 claim dismissed because allegations made "entirely on information and belief" and complaint does not state any facts upon which plaintiff's belief is founded).

### VI. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTIES

Plaintiff alleges that defendants "have also breached the warranties implied by law, including but not limited to the implied warranties of quality, merchantability and fitness for a particular purpose." Complaint ¶ 192. This claim is frivolous on its face because the Library clearly and unequivocally waived all implied warranties in the Agreement, including but not limited to the identical implied warranties that plaintiff asserts were breached.

Section 10.D of the Agreement provides, in full:

**NO ADDITIONAL WARRANTIES**

**THE WARRANTIES SET FORTH IN THIS AGREEMENT ARE IN LIEU OF, AND THIS AGREEMENT EXPRESSLY EXCLUDES TO THE MAXIMUM EXTENT PERMITTED BY LAW, ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, ORAL OR WRITTEN, INCLUDING, WITHOUT LIMITATION, (i) ANY WARRANTY THAT THE LICENSED SOFTWARE IS ERROR-FREE; AND (ii) ANY AND ALL IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT, AND (iii) ANY AND ALL IMPLIED WARRANTIES ARISING FROM STATUTE, COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.**

Agreement § 10.D. Since plaintiff has waived its right to assert claims for breach of implied warranties, that portion of the Ninth Cause of Action alleging breach of implied warranties should be dismissed with prejudice.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES

Plaintiff alleges entitlement to punitive damages in connection with its causes of action sounding in fraud and tortious interference with contract. Contract ¶¶ 156, 183. This claim should be dismissed because plaintiff waived its entitlement to punitive damages in the Agreement and also because plaintiff has not alleged egregious conduct or a pattern of conduct directed at the public generally.

The Library has waived any rights it may have had to punitive damages in the Agreement. This waiver provides, in full:

> **UNDER NO CIRCUMSTANCES WILL EITHER PARTY BE LIABLE FOR ANY INDIRECT, PUNITIVE, SPECIAL, INCIDENTAL, EXEMPLARY OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH OR ARISING OUT OF THE AGREEMENT (INCLUDING, WITHOUT LIMITATION, LOSS OF BUSINESS, REVENUE, PROFITS, GOODWILL, OR ELECTRONICALLY TRANSMITTED ORDERS), HOWEVER THEY ARISE, WHETHER IN BREACH OF CONTRACT, BREACH OF WARRANTY, OR IN TORT, INCLUDING NEGLIGENCE, AND EVEN IF SUCH PARTY HAS PREVIOUSLY BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**
>
> **LIABILITY FOR DAMAGES WILL BE LIMITED AND EXCLUDED, PURSUANT TO THE TERMS OF THIS SECTION 18, EVEN IF ANY EXCLUSIVE REMEDY PROVIDED FOR IN THE AGREEMENT FAILS OF ITS ESSENTIAL PURPOSE.**

Agreement § 18.C.3. The Library's waiver of its right to punitive damages in the Agreement fully precludes its attempt to recover them in the instant action.

Moreover, under New York law, punitive damages are available only to vindicate public rights where the complained of conduct is egregious and part of a pattern directed at the public generally. New York University v. Continental Ins. Co., 87 N.Y.2d 308, 315-16, 639 N.Y.S.2d 283 (1995). Here, plaintiff's complaint arises out of a garden-variety business transaction which was not concluded to the satisfaction of either party. The complained of conduct can in no way be construed to be egregious and, in any event, plaintiff does not even attempt to allege that

defendants' conduct was aimed at the public generally.  Consequently, plaintiff's claims for punitive damages should be dismissed with prejudice.  <u>Catskill Associates, L.L.C. v. Benza</u>, No. 1:08-CV-598, 2009 WL 1294608 (N.D.N.Y. May 7, 2009) (dismissing claim for punitive damages under Rule 12(b)(6) where the complained of conduct arising from an alleged breach of contract was neither egregious nor aimed at the public generally).

### VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR ATTORNEYS' FEES

Plaintiff alleges entitlement to attorneys' fees in connection with each of its causes of action.  Complaint at <u>ad</u> <u>damnum</u> clause.  Because plaintiff has not stated a claim for attorneys' fees pursuant to statute or contract, its claim for such fees should be dismissed with prejudice.

First, plaintiff's claims entitlement to attorneys' fees pursuant to New York General Business Law § 349.  However, as set forth in section IV, <u>supra</u>, plaintiff has failed to state a cause of action pursuant to that statute because it has not alleged any deceptive practice directed to the general public at large.  Rather, the complained of acts and omissions were limited to an arms length contractual relationship with only plaintiff.  Therefore, this statute does not support plaintiff's alleged entitlement to attorneys' fees.

Plaintiff also cites to section 17 of the Agreement as support for its alleged entitlement to attorneys' fees.  Complaint ¶¶ 88.  This section does not support such a claim as it only applies to actions involving "misappropriation of a third party's intellectual property rights."  Agreement § 17.  Because no party has asserted any claim for misappropriation of intellectual property rights, this provision is clearly inapplicable to the allegations in the complaint.

Finally, plaintiff attempts to hang its hat on section 18 of the Agreement.  However, section 18 is limited to indemnification and defense of the Library from claims made by third-parties.  A claim virtually identical to that made by the Library was rejected by the New York Court of Appeals in <u>Hooper Assocs., LTD v. AGS Computers, Inc.</u>, 74 N.Y.2d 487, 549

N.Y.S.2d 365 (1989). Hooper involved a company which contracted for various computer-related equipment and services from defendant. The contract at issue contained an indemnification provision requiring defendant to indemnify and hold harmless plaintiff from claims and expenses including attorneys' fees arising out of any breach under the contract. Defendant breached the contract and plaintiff sued and prevailed on the merits and attempted to recover its attorneys' fees under the indemnification provision. The Court of Appeals held that this provision was limited to actions involving third-parties, not those incurred in prosecuting a suit against defendant for claims under the contract. Hooper, at 491-94, 549 N.Y.S.2d at 367-68. The same result should obtain in the instant action. See also Kleinberg v. Radian Group, Inc., No. 01 Civ. 9295, 2003 WL 22723014 (S.D.N.Y. Nov. 18, 2003) (attorneys' fee claim dismissed under Rule 12(b)(6) where not supported by words of contract); Clifton v. Vista Computer Sevs., LLC, No. 01 CIV. 10206, 2002 WL 1585550 (S.D.N.Y. July 16, 2002) (same).

The Agreement does not contain a provision for attorneys' fess for the prevailing party in the event of a dispute. It only provides that, for certain claims brought against the Library by third-parties, Dynix will indemnify and defend the Library. Consequently, the plaintiff's claim for attorneys' fees should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this Court should dismiss with prejudice plaintiff's claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, New York General Business Law § 349, fraudulent conveyance, breach of implied warranties, punitive damages, and attorneys' fees.

Dated: New York, New York
October 26, 2009

                              WINSTON & STRAWN LLP

                    By:    /s/Jeffrey P. Rosenstein
                              Jeffrey P. Rosenstein
                              Kenneth D. O'Reilly
                              200 Park Avenue
                              New York, New York 10166
                              (212) 294-6700
                              *Attorneys for Defendants Sirsi*
                              *Corporation and Dynix Corporation*