```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
QUEENS BOROUGH PUBLIC LIBRARY,         :
                                       :
                         Plaintiff,    :
                                       :
        - against -                    :
                                       :   09-CV-2860 (ILG) (RER)
DYNIX CORPORATION, SIRSI HOLDINGS CORP.:
and SIRSI CORPORATION,                 :
                                       :
                         Defendants.   :
                                       :
-------------------------------------------------------------------X
```

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS DYNIX CORPORATION'S AND SIRSI CORPORATION'S PARTIAL MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i
PRELIMINARY STATEMENT ............................................................................................ 1
ARGUMENT .......................................................................................................................... 2
    I.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ........ 2
    II.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING ....................................... 4
    III.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW § 349 ........................................................ 7
    IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT CONVEYANCE ........................................................................................................ 9
    V.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTIES ................................................................................................... 11
    VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES ......... 12
    VII.    PLAINTIFF FAILS TO STATE A CLAIM FOR ATTORNEYS' FEES .............. 14
CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ashcroft v. Iqbal,
   ___ U.S. ___, 129 S.Ct. 1937 (2009).................................................................................4, 5, 6, 10

Atlanta Shipping Corp. v. Chemical Bank,
   818 F.2d 240 (2d Cir. 1987)......................................................................................................10

Cargo Partner AG v. Albartrans Inc.,
   207 F. Supp.2d 86 (S.D.N.Y. 2002), aff'd on other gnds., 352 F.3d 41 (2d Cir. 2003)..........11

Carvel Corp. v. Noonan,
   350 F.3d 6 (2d Cir. 2003).........................................................................................................13

DiVittorio v. Equidyne Extractive Indus, Inc.,
   822 F.2d 1242 (2d Cir. 1987)...................................................................................................10

Exxonmobil Inter-America, Inc. v. Advanced Information Engineering Servs, Inc.,
   328 F. Supp.2d 443 (S.D.N.Y. 2004).........................................................................................8

Furniture Consultants, Inc. v. Datatel Minicomputer Co.,
   No. 85 Civ. 8518, 1986 WL 7792 (S.D.N.Y. July 10, 1986) ..................................................12

Genesco Entertainment v. Koch,
   593 F. Supp. 743 (S.D.N.Y. 1984) ............................................................................................7

Goshen v. Mutual Life Ins. Co. of New York,
   98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ................................................................................9

Hooper Assocs., LTD v. AGS Computers, Inc.,
   74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989) ..............................................................................14

IMR Assocs., Inc. v. C.E. Cabinets, LTD,
   No. 06-CV-5965, 2007 WL 1395547 (E.D.N.Y. May 11, 2007)...............................................4

Janel World Trade, Ltd. v. World Logistics Servs.,
   No. 08 Civ. 1327, 2009 WL 73502 (March 20, 2009)...............................................................6

Kelly v. Defoe Corp.,
   223 A.D.2d 529, 636 N.Y.S.2d 123 (2d Dept. 1996) .......................................................13, 14

M.V.B. Collission, Inc. v. Allstate Ins. Co.,
   No. 07-CV-0187, 2007 WL 2288046 (E.D.N.Y. Aug. 8, 2007) ................................................7

MT Property, Inc. v. Ira Weinstein and Larry Weinstein LLC,
   50 A.D.3d 751, 855 N.Y.S.2d 627 (2d Dept. 2008) ..................................................................3

National Westminster Bank PLC v. Grant Prideco, Inc.,
   261 F. Supp.2d 265 (S.D.N.Y. 2003) ............................................................................ 3

New York University v. Continental Ins. Co.,
   87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) .................................................................... 9

Oswego Labrorers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,
   85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...................................................................... 7

RKB Enterprises, Inc. v. Ernst & Young,
   182 A.D.2d 971, 582 N.Y.S.2d 814 (3d Dept. 1992) ............................................ 13, 14

Sharp Intern. Corp. v. State Street Bank and Trust Co.,
   403 F.3d 43 (2d Cir. 2005) ......................................................................................... 10

Simon v. Unum Group,
   No. 07 Civ. 11426, 2008 WL 2477471 (S.D.N.Y. June 19, 2008) .............................. 8

Udell v. Berkshire Life Ins. Co. of Am.,
   No. CV 032721, 2005 WL 1243497 (E.D.N.Y. May 25, 2005) .................................. 4

Wrap-N-Pack, Inc. v. Kaye,
   528 F. Supp.2d 119 (E.D.N.Y. 2007) ......................................................................... 13

**STATUTES**

N.Y. DCL § 273 ..................................................................................................................... 11

N.Y. DCL § 276 ..................................................................................................................... 10

N.Y. GBL § 349 ............................................................................................................ 1, 7-9, 14

N.Y. U.C.C. 2-314 and -315 ................................................................................................... 12

NY U.C.C. § 2-314 ................................................................................................................. 12

NY U.C.C. § 2-725 ................................................................................................................. 12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ................................................................................ 10, 11

Rule 12(b) ................................................................................................................................. 1

Rule 12(b)(6) ......................................................................................................................... 2, 4

Rule 12(d) ............................................................................................................................2

Rule 56 ................................................................................................................................2

Case 1:09-cv-02860-ILG-RER   Document 13   Filed 11/18/09   Page 5 of 20

## PRELIMINARY STATEMENT

Defendants Sirsi Corporation ("Sirsi") and Dynix Corporation ("Dynix") (collectively "Defendants") respectfully submit this memorandum of law in reply to the affidavit and memorandum of law ("Plaintiff's Memorandum") of plaintiff Queens Borough Public Library ("Plaintiff") submitted in opposition to Defendants' partial motion to dismiss. Because Plaintiff has failed to demonstrate that it has stated a claim upon which relief can be granted for unjust enrichment, breach of the implied covenant of good faith and fair dealing, violation of New York General Business Law ("GBL") § 349, fraudulent conveyance, breach of implied warranties, punitive damages and attorneys' fees, each of these claims should be dismissed with prejudice.

As a preliminary matter and contrary to the suggestion in Plaintiff's Memorandum, Defendants deny the validity of Plaintiff's claims for breach of contract, breach of guaranty, tortious interference and fraud. The reason, and unremarkable reason, these causes of action are "unchallenged and unanswered," Plaintiff's Memorandum at 1, is that the instant motion to dismiss for failure to state a claim "must be made before pleading." Federal Rule of Civil Procedure ("Rule") 12(b). In fact, Defendants' attempt to trim Plaintiff's overwrought and bloated "kitchen sink" pleading was approached with sober restraint. Plaintiff's sufficiently pleaded claims, baseless though they may be, were not made the subject of the instant motion to dismiss. Instead, Defendants have moved only against those claims which are baseless on their face and fail to meet the minimal pleading requirements sufficient to withstand a motion to dismiss. To be clear, no inference or admission of liability should be drawn from Defendants' failure to move against any of Plaintiff's other causes of action.

Defendants also object to Plaintiff's disappointingly uncivil and factually incorrect allegation that the instant motion is a "delay tactic aimed at stalling the prosecution of this case." Plaintiff's Memorandum at 1. Quite to the contrary, Defendants would like nothing more than to

resolve this contract dispute expeditiously. Defendants believe that this goal has a much greater chance of being realized if Plaintiff's overreaching claims for a financial windfall, such as its claims for punitive damages and attorneys' fees, are dismissed at the earliest possible opportunity. Indeed, by employing the salutary remedy of Rule 12(b)(6), Defendants seek to impress upon Plaintiff that this unremarkable contract dispute about an unsuccessful business venture bears no resemblance to the elaborately concocted, malicious "bait and switch" yarn which Plaintiff spins with so much zeal "on information and belief."

Finally, Defendants object to Plaintiff's counsel's submission of what is purported to be a "Press Release" attached to the Affidavit of Rebecca Brazzano. This document is not authenticated, and its submission is not permissible on a Rule 12(b)(6) motion. Therefore, this material should be excluded by the Court as this motion is not one for summary judgment under Rule 56. See Rule 12(d).

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff opposes Defendants' motion to dismiss its claim for unjust enrichment on two grounds: (1) Plaintiff maintains there is a question as to whether Defendants admit there is a valid and enforceable written contract, and (2) Plaintiff claims to have sufficiently alleged that it has conferred a benefit on Defendants. Neither of these points are availing and, therefore, this cause of action should be dismissed with prejudice.

First, Plaintiff admits and concedes "the unremarkable proposition that a party with a valid and enforceable written contract may not recover quantum meruit damages for matters falling within the scope of that contract, but must rely on the remedy contained in the contract." Plaintiff's Memorandum at 10 (quoting Milton Abeles, Inc. v. Farmers Pride, Inc., 603 F. Supp.2d 500, 504 (E.D.N.Y. 2009). Plaintiff clearly concedes, without qualification, the validity

2

of the Purchase and License Agreement between Dynix Corporation and Queens Borough Public Library dated March 6, 2006 ("Purchase and License Agreement"). Complaint ¶ 123 ("The License Agreement constitutes a legal and binding agreement between the Library and Dynix."). Furthermore, Plaintiff's Memorandum does not call the validity of the Purchase and License Agreement into question. However, Plaintiff argues that it is premature to dismiss the unjust enrichment claim because Defendants have not yet answered and it is unknown whether they will concede that the contract at issue is valid and enforceable.

Plaintiff ignores the fact that the affidavit of Brad Whittle in support of Defendants' motion to dismiss attached and affirmed the existence of the Purchase and License Agreement. To conclusively resolve any question about the issue, Defendants acknowledge the validity and enforceability of the Purchase and License Agreement. Where a defendant concedes that an agreement is enforceable against it in a reply memorandum on a motion to dismiss, as here, the Court should dismiss an unjust enrichment claim covering the same subject matter. National Westminster Bank PLC v. Grant Prideco, Inc., 261 F. Supp.2d 265, 275 & n.65 (S.D.N.Y. 2003).

Next, Plaintiff does not dispute that "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a benefit upon the defendant . . . ." MT Property, Inc. v. Ira Weinstein and Larry Weinstein LLC, 50 A.D.3d 751, 855 N.Y.S.2d 627 (2d Dept. 2008). In fact, Plaintiff does not allege that it conferred *any benefit* upon Defendants which even arguably falls outside the scope of the Purchase and License Agreement. Plaintiff's Memorandum at 10-12. Plaintiff also does not dispute that it did not pay Defendants any money in connection with the transactions at issue here. Plaintiff's Memorandum at 12. Rather, it makes the naked assertion, devoid of factual elaboration, that Defendants "benefitted from the Library's performance." Id. The Supreme Court has recently held that similar "legal conclusions,"

"[t]hreadbare recitals" and "conclusory statements" are not entitled to the presumption of truth and are insufficient to withstand a motion to dismiss. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009).

Plaintiff has not alleged that it conferred any benefit on Defendants outside the scope of the Purchase and License Agreement and all parties agree that a valid and enforceable contract exists. For these reasons, Plaintiff's unjust enrichment cause of action should be dismissed with prejudice.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's complaint clearly and quite explicitly limits and links its claim for breach of the implied covenant of good faith and fair dealing to its claims under the Purchase and License Agreement and the related guaranty. In paragraph 139 of the Complaint, Plaintiff states: "As detailed above, Dynix and Sirsi Holdings acted in such a way as to deprive the Library of the benefit of its bargain under the License Agreement and the Guaranty, and otherwise prevented and frustrated the Library from obtaining the contracted for benefits thereunder."

It is well settled that "'New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'" Udell v. Berkshire Life Ins. Co. of Am., No. CV 032721, 2005 WL 1243497, at *6 (E.D.N.Y. May 25, 2005) (dismissing claim under FRCP 12(b)(6) for breach of the implied covenant of good faith and fair dealing) (quoting Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002); see also IMR Assocs., Inc. v. C.E. Cabinets, LTD, No. 06-CV-5965, 2007 WL 1395547, at *7 (E.D.N.Y. May 11, 2007) (on a Rule 12(b)(6) motion holding that "Plaintiff's third cause of action for breach of the covenant of

good faith and fair dealing is dismissed as duplicative of plaintiff's cause of action for a breach of contract.").

Plaintiff attempts to resist dismissal of its claim for breach of the covenant of good faith and fair dealing by making the conclusory allegation with no reference to any specific facts that: "Upon information and belief, at the time of the transaction between Dynix and Sirsi Corp. or thereafter, Defendants or their owners and affiliates caused substantially all of the assets of Dynix to be transferred out of Dynix, rendering Dynix incapable of performing its obligations under the License Agreement." Complaint ¶ 64; Plaintiff's Memorandum at 18.

This conclusory statement fails to provide even the most basic information about what assets were transferred, when they were transferred, which party transferred them, to whom they were transferred, the amount and nature of the consideration for such transfer, or even how this imagined transfer prevented Dynix from performing under the Purchase and License Agreement. Such naked assertions are "legal conclusions," "threadbare recitals," and "conclusory statements" not entitled to the presumption of truth and insufficient to withstand a motion to dismiss. Ashcroft, __ U.S.__, 129 S.Ct. at 1949-50.

Not only has Plaintiff failed to offer anything more than conclusory statements about an alleged fraudulent transfer, but its own allegations are entirely inconsistent with this unsupported claim. Plaintiff's allegations of a fraudulent transfer of assets must be "plausible" to be accorded the presumption of truth on a motion to dismiss. Ashcroft, ___ U.S. ___, 129 S. Ct. at 1949. The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendants liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citations omitted).

5

Here, Plaintiff's own complaint alleges that, the parties spent "two years and spent millions of the Library's dollars" attempting to integrate the defendants' software with Plaintiff's system. Complaint ¶ 7. Following the transaction by which Plaintiff alleges "Sirsi purchased Dynix and stripped it of its assets, but kept the shell as an existing corporation," Id. ¶ 76, Dynix performed a several-months-long analysis ("[d]uring the fall of 2005 and early 2006") of the differences between the functionality of Plaintiff's software system and the proposed Horizon 8.0 system, id. ¶ 72. Dynix then attempted to modify certain specifications necessary for the implementation of its software and engaged in communications and meetings to attempt to address the outstanding issues. Id. ¶¶ 103, 106. By Plaintiff's own allegations which detail the efforts and performance of Dynix during the period in question, it is simply not plausible that the Dynix described in the complaint was a shell corporation stripped of all its (unspecified) assets. Consequently, these allegations cannot be accepted as true for the purposes of the instant motion. Ashcroft, ___ U.S. ___, 129 S.Ct. at 1949-50.

Finally, Plaintiff argues that it may resist dismissal because it must conduct a factual investigation "concerning Dynix and Sirsi Holdings Corp.'s conduct in the 'mergers'." Plaintiff's Memorandum at 18. As a matter of law, the parties' "conduct in the mergers" has no significance whatsoever to the dismissal of Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing. Janel World Trade, Ltd. v. World Logistics Servs., No. 08 Civ. 1327, 2009 WL 73502 (March 20, 2009), cited by Plaintiff, states that "[p]arties cannot breach a contract's implied promise of good faith and fair dealing before the contract is entered into." Id. at *5 (internal quotation marks and citation omitted). Plaintiff's complaint alleges that Sirsi purchased Dynix on or about June 21, 2005 and the Purchase and License Agreement was entered into almost a year later, on March 6, 2006. Complaint ¶¶ 61, 79. Consequently, since

Defendants can not have breached, through unspecified "conduct in the mergers," a covenant which would not even come into existence until almost a year later, this cause of action should be accordingly dismissed.

For the foregoing reasons Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed with prejudice. Moreover, as Plaintiff has not proffered what specific facts it would plead to revive this claim, the request to replead this count should be denied.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW § 349

Plaintiff opposes Defendants' motion to dismiss the GBL § 349 cause of action by arguing that the contract dispute between two sophisticated entities is "consumer-oriented" within the meaning of the statute. Plaintiff's Memorandum at 12-15. As demonstrated by its own cases, this position is unsupported and completely misses the mark.

Case after case, including those from the New York Court of Appeals and those cited by Plaintiff, have established the proposition, which is beyond dispute, that "[p]rivate contract disputes, unique to the parties . . . would not fall within the ambit of the statute." Oswego Labrorers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995); Genesco Entertainment v. Koch, 593 F. Supp. 743, 752 (S.D.N.Y. 1984) (a "single shot transaction" "involving complex arrangements, knowledgeable and experienced parties and large sums of money" is not covered by the statute); M.V.B. Collission, Inc. v. Allstate Ins. Co., No. 07-CV-0187, 2007 WL 2288046, at *4 (E.D.N.Y. Aug. 8, 2007) ("Accordingly "'[p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute.'") (quoting New York University v. Continental Ins. Co., 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290 (1995) (§ 349 does not cover "a 'private' contract dispute . . . which

is unique to these parties")); Simon v. Unum Group, No. 07 Civ. 11426, 2008 WL 2477471 at *3 (S.D.N.Y. June 19, 2008) ("'Private contract disputes unique to the parties . . . would not fall within the ambit of the statute.'").

It is clear that GBL § 349 was intended to empower individual consumers against better funded businesses in purchasing goods and services for personal, family, or household use. Exxonmobil Inter-America, Inc. v. Advanced Information Engineering Servs, Inc., 328 F. Supp.2d 443, 448 (S.D.N.Y. 2004). The statute was not intended to apply to individualized contract disputes "tailored to meet the purchaser's wishes and requirements" which is precisely the case here. Id. at 447-48. Business-to-business transactions generally do not give rise to § 349 claims. Id. at 448. "[C]ontracts that are not 'standard-issue,' but are instead designed to provide services 'tailored to meet the [plaintiff's] wishes and requirements' are not consumer-oriented for § 349 purposes." Id. at 449. "Allegedly deceptive acts that occur between relatively sophisticated entities with equal bargaining power do not give rise to § 349 liability. Large businesses are not the small-time individual consumers § 349 was intended to protect." Id. at 449. Moreover, "[c]ontracts to provide commodities that are available only to businesses do not fall within the parameters of § 349." Id.

Plaintiff admits it is a large and sophisticated business entity. Complaint ¶ 21 (plaintiff is comprised of more than 70 libraries and is the second largest public library system in the United States in terms of the size of its collections). Plaintiff also admits that the highly specialized contract at issue was negotiated over a period of several months. Id. ¶¶ 72, 74. Consequently, this is not the kind of widely-available, form-contract, individual consumer transaction intended to be covered by GBL § 349. Exxonmobil, 328 F. Supp.2d at 447-49.

8

Plaintiff makes two arguments in an attempt to salvage its § 349 claim.  First, it vaguely alleges that *its* customers were adversely affected and, therefore, this is a transaction which affected the public generally. Unsurprisingly, plaintiff does not cite a single case in support of this novel theory and this is clearly not the standard as discussed by the cases cited above. Significantly, if a business were able to argue that the GBL applied to a transaction because its customers were somehow affected, then any business-to-business transaction would fall within the ambit of the statute.  For example, New York University could have argued that its students were affected by the transaction in New York University v. Continental Ins. Co. and therefore the statute should apply.  The New York Court of Appeals did not recognize such an indirect affect on the public and neither should this Court.

Finally, Plaintiff argues, without citation to a single example, that "other libraries across the United States" were or could have been affected.  Plaintiff's Memorandum at 13-15.  Not only is this conjectural allegation utterly unsupported by a single specific example, it would be legally irrelevant even if it were true.  Plaintiff fails to allege that any of these other libraries are in New York – a jurisdictional prerequisite for the application of the statute.  Goshen v. Mutual Life Ins. Co. of New York, 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858, 863 (2002) ("the transaction in which the consumer is deceived must occur in New York").

For the foregoing reasons, Plaintiff's claim for violation of New York State General Business Law § 349 should be dismissed with prejudice.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT CONVEYANCE

Plaintiff's complaint purportedly alleges a cause of action for fraudulent conveyance, but fails to cite a specific section of the New York Debtor and Creditor Law ("DCL").  Complaint ¶¶ 184-89.  Nevertheless, Plaintiff alleges that this alleged fraudulent transfer was effectuated to

"hinder, delay or defraud the Library." Id. at ¶ 188. This language tracks the language of N.Y. Debtor and Creditor Law § 276 and Defendants properly moved against this cause of action because it was not pled with the particularity required by Federal Rule of Civil Procedure 9(b). Atlanta Shipping Corp. v. Chemical Bank, 818 F.2d 240, 251 (2d Cir. 1987).

To state a claim under DCL § 276, a plaintiff must allege actual intent to defraud on the part of the transferor. Sharp Intern. Corp. v. State Street Bank and Trust Co., 403 F.3d 43, 56 (2d Cir. 2005). Where actual intent to defraud is proven, the conveyance will be set aside regardless of the consideration given. Id. Plaintiff alleges its claim of intentional fraud "on information and belief," Complaint ¶ 185, which is ordinarily inadequate to withstand a motion to dismiss. DiVittorio v. Equidyne Extractive Indus, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987).

Where plaintiff alleges the facts concerning the fraud are peculiarly within the opposing party's knowledge, the allegations must be accompanied by a statement of the facts on which the belief is based. Id. Here, plaintiff has utterly failed to carry even that minimal burden. It does not allege that any specific asset has been transferred -- one is left to guess whether it is alleging money, computers, office furniture or something else. It does not allege when this transfer occurred, where the assets are currently, or the amount of consideration paid for these assets. It does not even connect how this alleged transfer of assets prevented Dynix from performing under the Purchase and License Agreement. Moreover, the "badges of fraud" alleged by Plaintiff in its memorandum without citation to its complaint are nothing more than legal conclusions, threadbare recitals, and conclusory statements unworthy of the presumption of truth. Ashcroft, ___ U.S. ___, 129 S.Ct. at 1949-50. Consequently, Plaintiff's DCL § 276 claim should be dismissed with prejudice.

10

Plaintiff, for the first time in its opposition to the instant motion, shifts gears and alleges a claim under DCL § 273. Plaintiff's Memorandum at 21. This section provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." DCL § 273. Plaintiff does not even bother to make the conclusory allegation that Dynix is or will be insolvent and does not make any specific allegation concerning any transfer of any asset, much less that any consideration paid was inadequate. Complaint ¶¶ 184-189. For these reasons alone, Plaintiff's purported § 273 claim should be dismissed with prejudice. Moreover, contrary to Plaintiff's contention, "[t]he particularity requirements of Rule 9(b) apply to claims asserted under Sections 273 and 276 of the Debtor Creditor Law." Cargo Partner AG v. Albartrans Inc., 207 F. Supp.2d 86, 115-16 (S.D.N.Y. 2002), aff'd on other gnds., 352 F.3d 41 (2d Cir. 2003). Here, there can be no question that Plaintiff failed to plead a § 273 claim, let alone one with the particularity required by Federal Rule of Civil Procedure 9(b). Therefore, Plaintiff's cause of action for fraudulent conveyance should be dismissed with prejudice.

### V. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTIES

Plaintiff argues that it may disavow its contractually bargained for waiver of implied warranties because "Dynix's breach has caused the express remedies to fail in their essential purpose." Plaintiff's Memorandum at 20. Plaintiff completely fails, however, to explain how the express warranty in the Purchase and License Agreement has failed in its essential purpose or how any other remedies for breach of contract will be inadequate.

Moreover, the implied warranties claimed to have been breached only come into play if delivery of particular goods or products have been made. Here, the implied warranties asserted

11

would not provide a remedy for Defendants' alleged breaches of the Purchase and License Agreement because Plaintiff claims that Defendants did not meet any of the contractual milestones and further asserts that the Horizon software at issue was never provided. Complaint ¶¶ 100, 118. The implied warranty of merchantability is an implied promise that the goods received (i) pass without objection in the trade under the contract description, (ii) are fair average quality, (iii) are fit for ordinary purposes, (iv) run within permissible variations, (v) are properly packaged, and (vi) conform to promises on the packaging. NY U.C.C. § 2-314. The implied warranty of fitness for a particular purpose is an implied promise that the goods received are fit for the particular purpose of the buyer which is communicated to the seller at the time of contracting. Id. § 2-315. Because Plaintiff alleges that Defendants missed every milestone and that Plaintiff did not receive the requested software at all, its remedy would be for breach of contract, not breach of implied warranties. See NY U.C.C. § 2-725 (breach of warranty occurs when tender of delivery is made).

Consequently, the implied warranties of the U.C.C. would be inapplicable even if they had not been waived by Plaintiff in the Purchase and License Agreement. N.Y. U.C.C. 2-314 and 2-315. Therefore, Plaintiff's cause of action for breach of implied warranty should be dismissed with prejudice. Furniture Consultants, Inc. v. Datatel Minicomputer Co., No. 85 Civ. 8518, 1986 WL 7792, at *4-5 (S.D.N.Y. July 10, 1986).

### VI. PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES

Plaintiff argues that it is premature to dismiss its claim for punitive damages and that it need not allege its entitlement to punitive damages in its ad damnum clause. Plaintiff's Memorandum at 15-17. Plaintiff does not deny having made such a claim in its ad damnum clause or in the body of its complaint because, in fact, it has done so. Complaint ¶¶ 156, 183. Furthermore, Plaintiff does not deny the applicability and validity of its bold and conspicuous

12

waiver of punitive damages "in connection with or arising out of" the Purchase and License Agreement. Purchase and License Agreement § 18.C.3. In fact, Plaintiff's Memorandum does not even mention this valid and enforceable waiver set forth in bold type and capital letters in the Purchase and License Agreement.

Moreover, because Plaintiff has alleged only private wrongs, and does not seek to vindicate a public right, its claims for punitive damages must be dismissed even if its claim for fraud and tortious interference are not subject to dismissal at this stage. RKB Enterprises, Inc. v. Ernst & Young, 182 A.D.2d 971, 973, 582 N.Y.S.2d 814, 817 (3d Dept. 1992). Where, as here, plaintiff's tort claims arise from a breach of contract, plaintiff must allege a pattern of conduct directed at the public in general in order to sustain its claim for punitive damages. Wrap-N-Pack, Inc. v. Kaye, 528 F. Supp.2d 119, 123-24 (E.D.N.Y. 2007); see also Carvel Corp. v. Noonan, 350 F.3d 6, 25 (2d Cir. 2003) (where tort claim arises out of a breach of contract, plaintiff must plead a pattern of conduct directed at the public generally to state a claim for punitive damages). Plaintiff does not allege that any of the alleged misrepresentations were aimed at the general public, and, therefore, its punitive damages claims must be dismissed. Kelly v. Defoe Corp., 223 A.D.2d 529, 636 N.Y.S.2d 123 (2d Dept. 1996).

Plaintiff's alleged cause of action for fraud directly arises out of alleged representations concerning the Purchase and License Agreement and related guaranty. Complaint ¶¶ 144, 151, 154. Likewise, its alleged cause of action for tortious interference arises out of the Purchase and License Agreement and related guaranty. Complaint ¶¶ 174 – 83. Consequently, to be entitled to punitive damages, plaintiff must plead that defendants conduct was part of a pattern of conduct directed at the public generally. Carvel, 350 F.3d at 25. Because it has not done so, and because it has specifically and explicitly waived any entitlement it might have had "in

connection with or arising out of" the Purchase and License Agreement, its claim for punitive damages must be dismissed with prejudice. Purchase and License Agreement § 18.C.3; RKB Enterprises Inc. v. Ernst & Young, 182 A.D.2d 971, 582 N.Y.S.2d 814 (3d Dept. 1992); Kelly v. Defoe Corp., 223 A.D.2d 529, 636 N.Y.S.2d 123 (2d Dept. 1996).

### VII. PLAINTIFF FAILS TO STATE A CLAIM FOR ATTORNEYS' FEES

Plaintiff opposes Defendants' motion to dismiss its claim for attorneys' fees on the grounds that the motion is premature. It also contends that dismissal of the attorneys' fees claim is not warranted because Defendants have not conceded the existence and validity of the Purchase and License Agreement. This latter contention has been addressed, supra, where Defendants have, in fact, acknowledged the existence and validity of the Purchase and License Agreement, including the waiver of punitive damages and limitation on the availability of attorneys' fees contained therein.

Next, Plaintiff clings to the notion that Sections 17 and 18 of the Purchase and License Agreement contain support for its attorneys' fees claim because the phrase "attorneys fees" is included within the Section 17 definition of recoverable damages and costs. Defendants do not dispute that Section 17 contains a definition of damages and costs. However, Section 17 of the Purchase and License Agreement and its attorneys' fees provision, is clearly limited to indemnification for intellectual property claims brought by third parties. Likewise, Section 18 of the Purchase and License Agreement and its attorneys' fees provision is limited to indemnification for claims brought against plaintiff by third parties. See Hooper Assocs., LTD v. AGS Computers, Inc., 74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989). (indemnification provision is limited to actions by third-parties, not those incurred in prosecuting a suit against defendant for claims under the contract). Both sections cited by Plaintiff are irrelevant to this dispute.

14

Plaintiff has not cited any other authority supporting its claim for attorneys' fees except for its claim under GBL § 349 which, as previously discussed, is without merit and should be dismissed. Plaintiff also claims the right to attorneys' fees in connection with its claim for breach of the implied covenant of good faith and fair dealing. However, Plaintiff has cited no authority for an award of attorneys' fees in connection with this type of claim which, in any event, should also be dismissed for the reasons previously stated. In one last effort to salvage its attorneys' fees claim, Plaintiff vaguely cites to the guaranty attached to the Purchase and License Agreement at Schedule 18. Not surprisingly, there is no attorneys' fees provision contained therein. See Affidavit of Brad Whittle, Ex. A., Schedule 18.

For the foregoing reasons, Plaintiff's claim for attorneys' fees should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this Court should dismiss with prejudice Plaintiff's claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, GBL § 349, fraudulent conveyance, breach of implied warranties, punitive damages, and attorneys' fees.

Dated: New York, New York
November 18, 2009

WINSTON & STRAWN LLP

By: /s/ Jeffrey P. Rosenstein
Jeffrey P. Rosenstein
Kenneth D. O'Reilly
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sirsi Corporation and Dynix Corporation*

15

NY:1264107.1