UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUEENS BOROUGH PUBLIC LIBRARY )<br><br>Plaintiff, )<br>- against - )<br><br>DYNIX CORPORATION, SIRSI HOLDINGS )<br>CORP. and SIRSI CORPORATION )<br><br>Defendants. ) | Civil Action No.:<br>09-CV-2860 (ILG)(RER)<br><br>**STIPULATION AND ORDER OF<br>CONFIDENTIALITY** |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Queens

Borough Public Library ("Plaintiff") and Defendants Dynix Corporation and Sirsi Corporation

("Defendants") (collectively the "Parties"), through their undersigned attorneys in the above-

captioned action (the "Action"), as follows:

1.    **Application.**  This Stipulation and Order of Confidentiality (the "Order") governs

the use and dissemination of all information, documents, and materials (or portions thereof) that

are produced in connection with this Action, including, without limitation, information provided

in initial disclosures, in responses to document requests, subpoenas, answers to interrogatories,

depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission,

stipulations, all other discovery taken, testimony adduced at trial, and matters in evidence before

the Court.  If discovery is sought from third parties in connection with this litigation between the

Parties, and the discovery would require a third party to disclose and/or produce Confidential

Information (defined below), that third party may gain the protections of this Order through a

written agreement by that third party, in a form attached hereto as Exhibit A, to produce

documents, things, or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential Information produced by that third party.

2.      **Non-Disclosure.** This Order is applicable to the Parties and to any third parties as provided in paragraph 1 who produce or receive documents or things in connection with the Action, and the representatives, retained experts and consultants, and employees of the Parties or third parties. This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the Parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except for a hearing regarding enforcement of any provision of this Order.

3.      **Definition of Producing and Receiving Parties.** A "Producing Party" is any Party or third party producing information in connection with the Action. A "Receiving Party" is any Party or third party receiving such information in connection with the Action.

4.      **Definition of Confidential Information.** "Confidential Information" shall be interpreted to include any and all of the following information disclosed by any Party or any third party: (a) proprietary business information which is unavailable to the public and not readily determinable from other sources; (b) information that is treated by the Producing Party as confidential and is not disclosed to others; (c) information that might be of value to a competitor of the Producing Party; or (d) information that the Producing Party has an obligation to a third party to protect from public disclosure. "Confidential Information" may include, but is not limited to: financial information; internal policies, procedures, and guidelines; marketing and sales information; customer lists; business plans; personnel information; account numbers; product plans; and technical information about products.

2

Upon a determination by any Producing Party that any document or thing being produced or disclosed in connection with the Action contains information that the Producing Party believes in good faith constitutes or embodies Confidential Information, the Producing Party may designate such document or thing "Confidential."

5.    **Designation of Confidential Information.**  The Producing Party may designate documents, material, and information produced or disclosed in the Action "Confidential" by affixing to it, in a manner that shall not interfere with the legibility, the word "CONFIDENTIAL" on each page asserted to include such information, or on a conspicuous portion of any thing.  Any summary, compilation, or copy of any document or thing so designated as "CONFIDENTIAL" shall be treated the same as the underlying document or thing as provided by this Order.  In the event that a Producing Party produces Confidential Information that has not been designated as such, the Producing Party may designate such information "CONFIDENTIAL" to the same extent that it may have designated such material "CONFIDENTIAL" before production, by a subsequent notice in writing specifically identifying the re-designated Confidential Information, in which event the Receiving Party(ies) shall undertake to use their best efforts to correct any disclosure of such Confidential Information contrary to the re-designation, including retrieving any documents from persons not qualified to receive them under the re-designation.  No demonstration of proof of error, inadvertence, or excusable neglect by the Producing Party shall be required for such re-designation.

If the Producing Party elects to produce documents or things for inspection, no markings need be made by the Producing Party in advance of the inspection.  But after the Receiving Party selects documents or things for copying, the Producing Party shall make appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party.

If Confidential Information is produced without being reduced to a documentary, tangible, or physical form that can be conventionally designated, the Producing Party shall inform the Receiving Party in writing regarding the classification of such things when this Confidential Information is produced.  The Parties shall then confer and agree, in writing, on an appropriate way of designating this thing.

      **6.**      **Disclosure of Confidential Information.**  Without the express written consent of the Producing Party to the Receiving Party's proposed disclosure, no Receiving Party receiving any document or thing designated "CONFIDENTIAL" in accordance with this Order shall disclose any Confidential Information to any person or entity, other than the following:

      a.  the Court and its personnel;

      b.  outside counsel and in-house attorneys of the Parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with the Action;

      c.  experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising or assisting such counsel in the preparation for, or trial of, the Action.  Disclosures to experts and consultants are subject to Paragraph 11;

      d.  court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

      e.  any person who appears as an author or addressee on the face of the document or thing;

      f.  any person who in fact has already rightfully created or received the document or thing in the ordinary course of business;

g.  the corporate officers and employees of the Parties who have responsibility for managing or working on the Action (including persons regularly employed by a Party in an information technology position who may be providing technical assistance) or who have responsibility for making decisions about possible settlement of the Action; and

h.  any person whose testimony is being taken, subject to this Order, where such Confidential Information is directly relevant to such person's testimony and/or role in the matter which is the focus of this Action.

7.  **Designation of Highly Confidential Information.**  Any Party or third party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order any non-public information, including, but not limited to, the information set forth in Paragraph 4 hereof, that such Party or third party supplies, produces, discloses, or uses in connection with the Action, when it has a good faith belief that such information contains highly sensitive technical, business, and/or research information regarding products, services, financial information, internal policies, procedures, guidelines, client communications, client lists, or such information the disclosure of which would be detrimental to the Producing Party and/or its business interests.

8.  **Disclosure of Highly Confidential Information.**  Notwithstanding anything to the contrary herein, any and all material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown only to those persons identified in subsections (a) through (d) of Paragraph 6 hereof.  Any and all material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown to persons identified in subsections (e) through (h) of Paragraph 6 hereof, but only if such person(s):  (a) authored,

5

created, or received such material in the ordinary course of business; (b) such person is shown the material for the sole purpose of preparing for any trial or deposition testimony; and (c) such person, prior to being shown such material, is provided with a copy of this Order, and executes a declaration in the form attached hereto as Exhibit B.

9.     **Use of Confidential Information and Highly Confidential Information.** Receiving Parties are permitted to use Confidential Information and Highly Confidential information produced by another Party solely and exclusively for the purpose of assessing, litigating, or settling the Action, and only under the terms of this Order.  All other uses, including but not limited to, business uses and litigation uses in connection with other legal actions or matters is strictly prohibited unless the Producing Party provides express written consent to the Receiving Party's proposed use.  This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things or the use or disclosure by any Receiving Party of any information it does not directly or indirectly from a Producing Party.

10.     **Filings with and Presentation to this Court.**  The Parties shall follow the procedures set out in this paragraph for any pleading, motion, or exhibit to be filed with the Court or used in open Court that includes or reveals Confidential Information and/or Highly Confidential Information.  The Parties agree that such filing does not compromise the Confidential or Highly Confidential status of such information.  The Parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a Party's Confidential or Highly Confidential designation should be stricken.

To the extent that a Party wishes to submit any documents or things designated as

6

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Court without filing such documents or things, then each such document or thing shall be submitted to the Court in a sealed envelope for *in camera* review.  The cover page of the document or thing submitted for *in camera* review shall contain the caption of the Action and shall be marked:

> "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:  This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the Parties or Court personnel"

Should either Party wish to file with the Court any documents or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," then such documents or things shall be filed under seal with the Clerk of the Court according to any local rules of the Court in an envelope marked "SEALED."  In such circumstances, the cover page of the filed documents or things shall contain the caption of the Action and shall be marked:

> "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:  This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the Parties or Court personnel."

**11.    Disclosure to Experts and Consultants.**  Counsel of the Receiving Party may disclose Confidential Information to retained experts and consultants who are actively assisting in the preparation for and/or trial of the Action subject to the provisions of this paragraph.  A Party desiring to disclose Confidential Information or Highly Confidential Information to retained experts or consultants shall first obtain from each such expert or consultant a signed declaration in the form attached hereto as Exhibit B and a list identifying all employers or employees of such expert or consultant who may have access to the information, each of whom must agree to execute Exhibit B as a condition of receiving such Confidential Information or Highly Confidential Information.

**12.    Attendees at Confidential Information Depositions.**  In the event Confidential Information is utilized or disseminated at a deposition, any attendee at said deposition must be qualified under this Order to review Confidential Information.  The Parties expressly agree that all persons not so qualified shall be excluded from the deposition.

**13.    Confidential Information Transcripts.**  All depositions shall presumptively be treated as Confidential Information subject to this Order during the deposition and for a limited period of thirty (30) days after the transcripts of such deposition is received by counsel for the Party asserting the claim of confidentiality.  On or before the expiration of the thirty (30) day period, deposition testimony may be designated as "Confidential" or "Highly Confidential" by written notice of the specific pages and lines of testimony that contain Confidential Information.  Each party shall attach a copy of any such written notice to all copies of the deposition transcript within its possession, custody, or control.  If no such designation is made within the thirty (30) day period, the testimony will not be considered or treated as Confidential Information.

In addition to the foregoing, during any deposition in which Confidential Information or Highly Confidential Information is discussed, counsel attending the deposition may designate, on the record, the portions of the transcript that will contain Confidential Information or Highly Confidential Information.  The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and any such information marked as a deposition exhibit shall be treated as Confidential Information or Highly Confidential Information and placed in separately bound volume(s).

**14.    Challenges to Designations.**  The Parties acknowledge that it may be impractical to contemporaneously assess the confidentiality of any or all information in documents,

8

testimony, transcripts, and/or other materials and things produced by a Party or producing entity in the course of this Action.  Therefore, if a Party wishes to challenge the designation of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.  The Producing Party shall, within ten (10) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes.  The designation of the disputed information shall remain in effect unless and until otherwise ordered by the Court.  A Party shall not be obligated to challenge the propriety of a designation of a document or thing as "Confidential" or "Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

     **15.**    **Third Party Confidentiality.**  Where a document request calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party and the Producing Party reasonably believes that the provisions of this Order do not adequately fulfill such obligations to the third party, and the Producing Party objects on this ground, the Producing Party may withhold production for a period of twenty (20) days after such objection or after learning in good faith that the request sought, or seeks, specific material as to which a third party confidentiality obligation exists, whichever is later, in order to provide appropriate notice to the third party.  The Producing Party shall thereafter disclose in compliance with this Order any responsive materials or information held under obligations of confidentiality to such person unless said party or the Producing Party moves for, or obtains, a protective order in this

Court within that time.

16.    **Subpoenas of Confidential Information.**  If any entity subpoenas or orders production of Confidential Information or Highly Confidential Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Producing Party of the subpoena or order, and in no event more than five (5) days after receiving such subpoena or order, object to the subpoena or order on grounds that the information is protected by this Order.  Such notification must include a copy of the subpoena or order compelling disclosure.  The party receiving the subpoena or order compelling disclosure shall immediately inform in writing the party who caused the subpoena or order to issue that some, or all, of the material covered by the subpoena or order is the subject of this Order and promptly deliver to such party a copy of this Order.

The Producing Party shall thereafter assume the defense of such objection and the Receiving Party shall have no further obligation with respect to the objection, with the exception of retaining the confidentiality of the Confidential Information or Highly Confidential Information requested until required by court order, or the Producing Party's agreement, to disclose the Confidential Information.

17.    **Inadvertent Disclosure of Privileged Information.**  Inadvertent production of information subject to the attorney-client and attorney work product or other privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.  If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party shall notify all other Parties in writing.  In such event, the Parties must immediately return the privileged information along with all duplicates.  Once notified of the production of privileged information,

10

the Receiving Party shall not duplicate the information, or distribute the information by any means other than returning it to the Producing Party.  Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Producing Party notifies the Receiving Party of the claims of privilege.  The Receiving Party's return of the information does not constitute an acknowledgement that the information is privileged or a waiver of the Receiving Party's right to challenge the propriety of the Producing Party's assertion of privilege regarding the returned information.

     **18.**    **Continuing Jurisdiction.**  After the conclusion of the Action, the provisions of this Order shall continue to be binding until further court order.  This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order.  Such complaint shall be brought by motion for appropriate relief.  The Court shall also retain jurisdiction over the Parties and any other person who has had access to Confidential Information, pursuant to this Order, so that the Court can continue to enforce this Order.

     **19.**    **Counsel's Communication with Client.**  Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise their clients or decision makers for such clients based on outside counsel's review and evaluation of Confidential Information produced by the Producing Party.  Outside counsel may discuss with the employees and officers of such clients who have responsibility for managing the Action, or those persons who have responsibility for making decisions about possible settlement of the Action, the general nature of the Confidential Information without disclosing the specifics of any such information, to the

extent such disclosure is necessary for effectively advising such clients and their decision makers.

20.    **Modification.**  The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause.  Nothing in this Order shall be construed as precluding any Party from seeking such modification.

21.    **Return or Destruction of Confidential Materials.**  Within ninety (90) calendar days after the conclusion of this Action, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents or things produced by a Producing Party containing Confidential Information or Highly Confidential Information shall be destroyed, by cross-cut shredding, except that outside counsel of record shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of the pleadings, correspondence, and memoranda, which contain or refer to Confidential Information or Highly Confidential Information.  Notwithstanding this provision, outside counsel of record in this Action shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in the Action shall not retrieve any Confidential Information or Highly Confidential Information from any firm's electronic disaster recovery systems after the conclusion of this Action, except as required in connection with any action brought to enforce the Order.

**22.** **Relief from the Court.** If at any time a Party in good faith believes that justice requires a modification of, or exception to, this Order, the Party may, after consultation with the other Party, seek relief under the rules of this Court.

Dated: New York, New York
      November 30, 2009

THOMPSON HINE LLP                    WINSTON & STRAWN LLP

By: _____         By: _____
    Rebecca A. Brazzano                   Jeffrey P. Rosenstein
    Richard A. De Palma                  Kenneth D. O'Reilly

335 Madison Avenue, 12th Floor       200 Park Avenue
New York, New York  10003            New York, New York  10166
Telephone:  (212) 344-5680           Telephone:  (212) 294-6700

*Attorneys for Plaintiff Queens*     *Attorneys for Defendants*
*Borough Public Library*             *Dynix Corporation and Sirsi*
                                              *Corporation*

SO ORDERED this ___ day of December, 2009:

_____
    Ramon E. Reyes, Jr.
    United States Magistrate Judge

13

**EXHIBIT A**

I _____ , state the following:

    1.  I have been requested and/or subpoenaed to produce certain documents and information, and/or requested and/or subpoenaed to provide testimony on oral examination in connection with the litigation captioned <u>Queens Borough Public Library v. Dynix Corporation, et al.,</u> in the United States District Court for the Eastern District of New York, Case No. 09 Civ. 2860 (ILG) (RER) (the "Action").

    2.  I hereby acknowledge that I have received and read the Stipulation and Order of Confidentiality attached hereto (the "Order").

    3.  I hereby agree to be bound by the terms of the Order and produce any requested and/or subpoenaed documents and information and provide any testimony pursuant to such terms; and further agree to submit to jurisdiction in New York for the sole purpose of enforcing the terms herein.

_____
Signature

_____
Printed Name

_____
Address

STATE OF _____
COUNTY OF _____


    Subscribed and sworn to before me this ___ day of _____ , 20__.  Witness my hand and official seal.

_____

**EXHIBIT B**

I, _____, state the following:

1.      I have read and understand the Stipulation and Order of Confidentiality (the "Order") in the above-captioned action (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be governed by the terms, conditions, and restrictions of the Order.  I agree to be bound as a Receiving Party pursuant to the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

2.      I hereby certify that I have conducted a god faith inquiry, and am aware of no legal or ethical conflict of interest that would preclude me from receiving Confidential Information from a Party to this Action.  Should I become aware of such a conflict or other circumstances that would make it inappropriate for me to receive or retain such Confidential Information, I agree to notify promptly the Party who provided the information to me in this Action.

3.     I shall not use or disclose any Confidential Information or Highly Confidential Information to others, except strictly in accordance with the Order.  I also understand that, in the event that I fail strictly to abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

_____
Signature

_____
Printed Name

_____
Address

STATE OF _____
COUNTY OF _____

        Subscribed and sworn to before me this ___ day of _____, 20__.  Witness my hand and official seal.

_____

2