# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

JEFFREY P. ROSENSTEIN
(212) 294-6774
jrosenstein@winston.com

December 18, 2009

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court,
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Queens Borough Public Library v. Dynix Corp., et al. (E.D.N.Y.)**
      **09-CIV-2860 (ILG)(RER)**
      **Electronically Stored Information Status Report**

Dear Judge Reyes:

    As you are aware, this firm represents Defendants Dynix Corporation and Sirsi Corporation in the referenced action. Thompson Hine LLP represents Plaintiff Queens Borough Public Library and that firm has reviewed and approved the contents of the instant Electronically Stored Information ("ESI") Status Report. This ESI Status Report is provided pursuant to Your Honor's directive at the initial court conference held on November 2, 2009.

    The parties have agreed to the following regarding production of ESI:

    <u>Format</u>. ESI shall be produced to the requesting party as image files in searchable TIFF format, unless the parties agree otherwise. Following production of the TIFF files, the producing party shall preserve the integrity of the electronic documents contents, <u>i.e.</u>, the original formatting of the document, its metadata and, where applicable, its revision history. It is Defendants' position that ESI in its native format should be produced only upon a showing of

WINSTON & STRAWN LLP

Hon. Ramon E. Reyes, Jr.
December 18, 2009
Page 2

particularized need. It is Plaintiff's position that ESI in its native format should be produced upon any specific request of either party.

Retention. The parties shall continue to preserve the integrity of all relevant ESI during the pendency of the action. Neither party shall be deemed to have waived any rights with respect to document retention issues. In addition, the parties are continuing their investigation to determine the scope of accessible and inaccessible documents.

Privilege. Consistent with Federal Rule of Civil Procedure ("FRCP") Rule 26(b)(5)(B), the parties have agreed that ESI containing privileged information or attorney work product ("Protected Documents") shall be immediately returned if the documents appear to the receiving party to have been inadvertently produced or if the producing party provides notice of their inadvertent production. All media containing Protected Documents shall be returned by the receiving party. If the media returned to the producing party contains non-Protected Documents, said documents shall be re-produced within ten days following receipt of the returned media.

Timing of Production. After receiving a request for document production, the parties shall, subject to any objections that have been raised and any resolution thereof, search their documents and produce responsive ESI in accordance with the FRCP or as otherwise agreed.

Search Methodology. Upon receipt of a request for document production, the producing party shall conduct a search of its hard copy files and ESI which shall include, at a minimum, a search of the ESI files of one or more individuals likely to have discoverable information as previously set forth in the parties' Initial Disclosures. Such requests for document production may include a provision requiring agreement as to methods of searching ESI and the words, terms and phrases to be searched. The failure to locate responsive documents in the files of said individuals shall not relieve the parties from the obligation to conduct reasonably diligent further searches to find responsive documents.

If a party wishes another party to conduct a specific electronic search to locate relevant ESI, it shall so request in writing and the parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched. The parties also shall attempt in good faith to reach agreement as to the timing and conditions of any additional searches which may become necessary during discovery. To minimize expense, the parties should consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

Search Terms. The parties intend to meet and confer and exchange initial words, terms and phrases to be searched on or before January 15, 2010.

**WINSTON & STRAWN** LLP

Hon. Ramon E. Reyes, Jr.
December 18, 2009
Page 3

<u>Costs</u>.  Each producing party shall bear its own costs of preserving, restoring and producing all ESI.

The parties will confer as additional issues arise and make a good faith effort to resolve disputes.

Respectfully submitted,

*Jeffrey Rosenstein*

Jeffrey P. Rosenstein

cc:   Rebecca A. Brazzano, Esq. (via email)
      Thompson Hine LLP

NY:1268378.2